```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

MICHAEL AYELE                 :

    v.                         :   Civil Action No. DKC 16-3778

                                          :

WASHINGTON ADVENTIST HOSPITAL,
et al.                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are: (1) a motion to dismiss filed by Defendants Montgomery County Police Department ("MCPD") and J. Thomas Manger, Chief of Police (collectively, the "MCPD Defendants") (ECF No. 6); (2) a motion to dismiss filed by Defendants Washington Adventist Hospital, Terry Forde — President and CEO of Adventist HealthCare, Inc., and Erik Wangsness — President of Adventist HealthCare Washington Adventist Hospital (collectively, the "Washington Adventist Defendants")(ECF No. 8); (3) a motion to strike filed by the Washington Adventist Defendants (ECF No. 11); (4) a motion to amend the complaint by Plaintiff Michael Ayele ("Plaintiff") (ECF No. 13); (5) a motion to end modern day slavery filed by Plaintiff (ECF No. 20); and (6) a motion to request video recordings filed by Plaintiff (ECF No. 22). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following

reasons, the motion to amend the complaint will be granted in part and denied in part, the motions to dismiss will be granted, the motion to end modern day slavery will be denied, the motion to strike will be denied, and the motion to request video records will be denied as moot.

I.  **Background**

Plaintiff filed a previous suit against the Defendants on August 29, 2016, but that case was dismissed without prejudice when Plaintiff failed to return a court approved motion to proceed *in forma pauperis* and complaint. Order Dismissing Case, *Ayele v. Washington Adventist Hosp.*, No. PX-16-3011 (D.Md. Oct. 28, 2016) (ECF No. 4).[1] On November 22, 2016, Plaintiff brought this action under 42 U.S.C. § 1983 against the MCPD Defendants, the Washington Adventist Defendants, and the Maryland Crisis Team,[2] alleging that they violated his Fourth Amendment Rights. (ECF No. 1, at 4). This complaint alleges that Plaintiff was improperly detained at a McDonald's restaurant in Silver Spring,

---

[1] Plaintiff also brought suit against the MCPD Defendants in a separate action for libel per se but that case was dismissed when Plaintiff failed to supplement his complaint with the allegedly defamatory statements about which he complained. *Ayele v. My Montgomery Cty. Media*, DKC-16-3900 (D.Md. May 19, 2017).

[2] When Plaintiff failed to serve Defendant Maryland Crisis Team with a summons or a copy of the complaint within 90 days of filing and failed to respond within 30 days to an Order to Show Cause (ECF No. 12), Defendant Maryland Crisis Team was dismissed from the case. (ECF No. 15).

2

Maryland. He was taken from the McDonald's to Washington Adventist Hospital against his will, where he was held for a period of time. He purports to make a claim pursuant to the Fourth Amendment. (ECF No. 1).

On January 26, 2017, the MCPD Defendants moved to dismiss for failure to state a claim. (ECF No. 6). On February 1, the Washington Adventist Defendants moved to dismiss for failure to state a claim and lack of jurisdiction. (ECF No. 8). On February 7, Plaintiff filed a document entitled "Michael Ayele Analysis and Comments to Judge Peter Messit[t]e Order: Request for Introduction of a Court Appointed Lawyer, Communication Technologies, and Jury Trial." (ECF No. 10). The document reiterated parts of the complaint, requested appointment of counsel, and requested that all court proceedings be recorded and made available to Plaintiff. On February 24, the Washington Adventist Defendants moved to strike the document. (ECF No. 11). On May 19, Plaintiff responded to the MCPD Defendants' motion to dismiss and moved to amend the complaint. (ECF No. 13). On July 15, an order was issued denying Plaintiff's request for appointment of counsel and directing the Washington Adventist Defendants to mail Plaintiff a copy of their motion to dismiss. The order gave Plaintiff until August 16 to respond to the motions. (ECF No. 18). On August 25, Plaintiff filed a

motion to end modern day slavery (ECF No. 20), and a motion to request video recordings of court sessions (ECF No. 22).

Plaintiff's motion to amend his complaint contains additional details. (ECF No. 13). He alleges that police stopped him at the McDonald's in early August 2015. He alleges that, at that time, he "was posing no harm to [himself] or others." (*Id.* at 2). The police took him in a police car to the hospital. It appears he was held at the hospital pursuant to Maryland's civil commitment procedure. He alleges that the hospital forced him to take psychotropic medication. The hospital discharged him sometime before early November. (*Id.* at 3-5).

**II. Motion to Amend**

A party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed.R.Civ.P. 15(a)(1). When the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires," and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). Denial of leave to amend is appropriate "only

when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

Leave to amend may be denied as futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules," including federal pleading standards. *Katyle v. Perm Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); *Oroweat Foods Co.*, 785 F.2d at 510 ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." (citations omitted)). A pleading need not contain detailed factual allegations, but the plaintiff must allege enough facts to make the claim appear "plausible on its face." *Twombly*, 550 U.S. at 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)). Accordingly, denial of leave to amend is appropriate if the court, taking as true the allegations of the proposed amended pleading, would be compelled to dismiss the action. *See Kellogg Brown & Root*, 525 F.3d at 376 (affirming the district court's

5

denial of leave to amend because the "proposed amended complaint does not properly state a claim under Rule 12(b)(6)").

Plaintiff's motion to amend contains additional facts related to his initial detention. Based on these facts, the motion requests additional damages. (ECF No. 13, at 1-5). Fed.R.Civ.P. 15(a)(2) mandates that courts "freely give leave" to amend. Therefore, to the extent Plaintiff supplements the initial complaint with additional facts related to his detention by MCPD Defendants and the Washington Adventist Defendants and based on these new facts increases the amount of damages, his motion to amend will be granted. (ECF No. 13, at 3-5).

The motion also requests to add Amanda Street and the Maryland Department of Health[3] as defendants. In support, Plaintiff states:

> I would like to re-iterate here that I have previously requested Medical Information and Arrest Reports via postal mail and e-mail to appropriate channels handling FOIA questions at the Department of Mental Health and Hygiene (DHMH) of Maryland, namely Amanda Street . . . . For that reason, and because of her failure to give [me an] official position in the form of a letter acknowledging receipt of my FOIA requests and the reasons for which she was not able to retrieve requested records, I have decided to add her name in this complaint.

---

[3] During the pendency of this case, the Maryland legislature changed the name of this department from the Department of Health and Mental Hygiene to the Department of Health. "Department of Health and Mental Hygiene – Renaming," 2017 Maryland Laws Ch. 214 (S.B. 82).

6

(ECF No. 13, at 4).  Plaintiff has not pled facts that support a legal claim for relief against Ms. Street and the Department of Health.  Therefore, to the extent Plaintiff seeks to add Amanda Street and the Maryland Department of Health as defendants, his motion will be denied.

The motion also requests to add Springfield Hospital Center and six of its employees as defendants.  (ECF No. 13 at 4-6).  The motion explains that, after he was released from Washington Adventist Hospital, he was later arrested and charged with trespass.  Apparently, he was taken to Springfield Hospital Center where the doctors found him incompetent to stand trial.  He alleges that he was mistreated during his stay there.  (ECF No. 13 at 4-6).

Under the Federal Rules of Civil Procedure, "plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all."  7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil § 1655 (3d ed. 2009).  Thus, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff tries to join unrelated claims against multiple defendants. He was committed to Washington Adventist Hospital in August after being detained at a McDonald's, and he was released sometime before November. He describes Washington Adventist as an "asylum." (ECF No. 13, at 4). He alleges that he never got a chance to consult an attorney during the commitment process and that he was held at Washington Adventist Hospital based on the proceedings of a "kangaroo court inside the [h]ospital" (ECF No. 1, at 6).

In early November, after his release from Washington Adventist Hospital, police arrested him and charged him with trespass. Unlike his experience with Washington Adventist Hospital, Plaintiff had an attorney. In this case, a court appears to have committed him after an evaluation by a Springfield Hospital Center employee found him incompetent to stand trial. Although he claims both hospitals forced him to take medication, he only alleges that the staff at the Springfield Hospital Center was abusive. (ECF No. 13, at 4-8).

Because the circumstances surrounding his initial detention, the commitment process, and the treatment at the hospitals were different, "[t]he claims arise from separate events . . . . As such this complaint comprises multiple law suits, rather than one suit." *Jackson v. Olsen*, No. 3:09cv00043, 2010 WL 724023, *8 (E.D. Va. March 1, 2010)

(internal quotation marks omitted); see *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (affirming the district court's conclusion that problems arising from four different Jaguar automobiles were not properly joined). Therefore, to the extent his motion to amend seeks to add additional defendants involved in his commitment to the Springfield Hospital Center, it will be denied.

### III. Motions to Dismiss

#### A. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the

light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969,

2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

### B. MCPD Defendants' Motion to Dismiss

"Under Maryland law, it is well-established that county police departments are agents of the county and not treated as separate legal entities." *LaPier v. Prince George's Cty.*, No. AW-10-2851, 2011 WL 4501372, at *3 (D.Md. Sept. 27, 2011). Thus, MCPD is not a suable entity. *Mason v. Montgomery Cty. Police Dep't*, No. AW-13-1077, 2013 WL 6585928, at *1 (D.Md. Dec. 13, 2013). To the extent Plaintiff brings a claim against MCPD, the claim will be dismissed.

Plaintiff fails to allege that Defendant Manger was personally involved in Plaintiff's detention, and, therefore, to the extent Plaintiff brings a claim against Defendant Manger in his individual capacity, it will be dismissed. To state a claim pursuant to 42 U.S.C. § 1983 against Defendant Manger in his official capacity (which is simply a suit against the entity which he represents), a plaintiff must allege "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A municipal policy includes "the decisions of a government's lawmakers [and] the acts of its policymaking

11

officials[.]" *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). Plaintiff's complaint fails to identify a specific policy, act, or decision of the County that has a causal connection to the alleged violation, and, therefore, to the extent Plaintiff brings a claim against Defendant Manger in his official capacity, it will be dismissed.

### C. Washington Adventist Defendants' Motion to Dismiss

Section 1983 "imposes liability only where a person acts 'under color' of a state 'statute, ordinance, regulation, custom, or usage.'" *Richardson v. McKnight*, 521 U.S. 399, 403 (1997) (quoting 42 U.S.C. § 1983). Private actors, such as the Washington Adventist Defendants, can be liable if "the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). The United States Court of Appeals for the Fourth Circuit has identified three circumstances where "[a] private entity regulated by the state acts under color of state law (1) when there is either a sufficiently close nexus, or joint action between the state and the private party; (2) when the state has, through extensive regulation, exercised coercive power over, or provided significant encouragement to, the private actor; or (3) when the function performed by the private party has traditionally been an exclusive public

12

function." *S.P. v. City of Takoma Park*, 134 F.3d 260, 269 (4th Cir. 1998). In that case, the court specifically held that a private medical professional acting pursuant to Maryland's involuntary commitment statute is not acting under color of state law.

Here, Plaintiff has only provided conclusory statements about the Washington Adventist Defendants' relationship to the government. (ECF No. 13, at 3). He has not alleged facts to support a conclusion that the Washington Adventist Defendants were acting under color of state law, and, therefore, his claims will be dismissed as to these defendants.[4]

**IV. Motion to Strike**

Defendants filed a motion to strike Plaintiff's "Analysis and Comments." (ECF No. 11). Fed.R.Civ.P. 12(f) allows a court to strike "from a *pleading* any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's "Analysis and Comments" (ECF No. 10), is not construed as a pleading, and, therefore, the motion to strike will be denied.

---

[4] The Washington Adventist Defendants also argue that there is no federal jurisdiction. Although Plaintiff's complaint is not a model of clarity, to the extent it raises a claim, the claim is a violation of federal law. Thus, jurisdiction exists to decide the matter.

**V.   Motion to End Modern Day Slavery**

Plaintiff's motion to end modern day slavery does not request any relief that can be granted by the court system. Therefore, the motion will be denied.

**VI. Motion to Request Video Recordings**

Plaintiff requests video recordings of all court proceedings.  Having dismissed the rest of his action, this motion will be denied as moot.

**VII. Conclusion**

For the foregoing reasons, the motion to amend filed by Plaintiff will be granted in part and denied in part, the motion to dismiss filed by the MCPD Defendants will be granted, the motion to dismiss filed by the Washington Adventist Defendants will be granted, the motion to strike filed by the Washington Adventist Defendants will be denied, the motion to end modern day slavery will be denied, and the motion to request video recordings will be denied as moot.  A separate order will follow.

                                              /s/
                              DEBORAH K. CHASANOW
                              United States District Judge